■ In the Matter of MATHILDE DIAZ, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [889 NYS2d 42]—

Determination after hearing by respondent's appeals board, dated April 17, 2009, which affirmed petitioner's conviction for speeding, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan A. Madden, J.], entered on or about August 20, 2009), dismissed, without costs.

Petitioner was charged with driving above the speed limit on Union Turnpike, in violation of Vehicle and Traffic Law § 1180 (d), for which she was fined $200 and her driver's license was revoked. The police officer testified that at the time he issued the ticket, the driver named in the summons provided him with a valid New York driver's license containing a photo. Petitioner stated at the hearing that she did "not recall ever meeting this officer," that she had permitted others to use her car, and had lost her driver's license at this time. She now contends, for the first time, that she was with her dying grandmother at the time the ticket was issued.

An administrative determination is regarded as supported by substantial evidence when the proof is so substantial that an inference of the existence of a fact can reasonably be drawn therefrom (*see Matter of Stork Rest. v Boland*, 282 NY 256, 273 [1940]). The duty of weighing the evidence and resolving conflicting testimony rests solely on the administrative agency conducting the hearing (*id.* at 267). The agency's determination was supported by substantial evidence in the testimony of the police officer. Concur—Andrias, J.P., Sweeny, Nardelli, Catterson and DeGrasse, JJ.